IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

MELVIN GRAYER, #08710                                                                    PLAINTIFF

VERSUS                                                  CIVIL ACTION NO.   3:12-cv-660-DPJ-FKB

GEO CORPORATE OFFICE GROUP, INC., et al.                                        DEFENDANTS

ORDER

BEFORE THE COURT is Plaintiff's motion for appointment of counsel [9] in the above styled action.

There is no right to the automatic appointment of counsel in a civil case under 28 U.S.C. § 1915.  Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982); Salmon v. Corpus Christi ISD, 911 F.2d 1165, 1166 (5th Cir. 1990).  Section 1915(e)(1) authorizes federal courts only to request that a particular attorney undertake the representation of a litigant proceeding in forma pauperis; it does not authorize the Court to make coercive appointments of counsel.  See Mallard v. U.S. District Court for the Southern District of Iowa, 490 U.S. 296, 310, 109 S.Ct. 1814, 1823, 104 L.Ed.2d 318 (1989).  Indigent litigants in federal civil rights cases generally possess no constitutional or statutory right to appointed counsel.  See Salmon v. Corpus Christi ISD, 911 F.2d 1165, 1166 (5th Cir. 1990); Jackson v. Cain, 864 F.2d 1235, 1242 (5th Cir. 1989); Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987).  A trial court is not required to appoint counsel for an indigent party in a civil rights lawsuit unless the case presents truly exceptional circumstances. See Freeze v. Griffith, 849 F.2d 172, 175 (5th Cir. 1988); Good v. Allain, 823 F.2d 64, 66 (5th Cir. 1987); Feist v. Jefferson County Commissioners Court, 778 F.2d 250, 253 (5th Cir. 1985); and Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982).

Although no comprehensive definition of "exceptional circumstances" is practical, the existence of such circumstances will necessarily turn on two basic considerations: (1) the type

and complexity of the case and (2) the abilities of the individual bringing it.  See Freeze v. Griffith, 849 F.2d 172, 175 (5th Cir. 1988); Good v. Allain, 823 F.2d 64, 66 (5th Cir. 1987); Feist v. Jefferson County Commissioners Court, 778 F.2d 250, 253 (5th Cir. 1985); and Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982).

The United States Court of Appeals for the Fifth Circuit has directed trial courts to consider whether the appointment of counsel would be of service not only to Plaintiff, but also possibly to the Court and Defendants, through sharpening of issues, the shaping of the examination and cross-examination of witnesses, and, thus the shortening of trial and assisting in a just determination.  See Cooper v. Sheriff, Lubbock County, Texas, 929 F.2d 1078, 1084 (5th Cir.1991); Jackson v. Dallas Police Department, 811 F.2d 260, 262 (5th Cir. 1986); Feist v. Jefferson County Commissioners Court, 778 F.2d at 253; and Ulmer v. Chancellor, 691 F.2d at 213.  Moreover, this Court has been given considerable discretion in determining whether to appoint counsel. Ulmer, 691 F.2d at 211.  Having reviewed the record and based on the following reasons, this Court finds that there are no "exceptional circumstances" requiring this Court to grant Plaintiff's motion [9].

In this case, Plaintiff complains that he has been denied proper medical care.  Compl. [1]. These issues are not complex; rather, this case presents the types of issues litigated regularly in this court by *pro se* prisoner plaintiffs.  Additionally, Plaintiff is able to communicate his position to the court.  Therefore, counsel will not be appointed to Plaintiff at this juncture of the proceedings.

 **IT IS THEREFORE ORDERED AND ADJUDGED,** Plaintiff's motion for appointment of counsel [9] is **DENIED**.

**SO ORDERED AND ADJUDGED,** this the 24th day of October, 2012.

*s/ F. Keith Ball*
UNITED STATES MAGISTRATE JUDGE
