# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-60791
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
May 22, 2015
Lyle W. Cayce
Clerk

MELVIN GRAYER,

          Plaintiff-Appellant

v.

GEO CORPORATE OFFICE GROUP, INCORPORATED; MS. FERGERSON; GLORIA PERRY; GEO WARDEN VINCENT HORTON; FRANK SHAW, M.T.C. Warden; DOCTOR CARL A. FAULKS,

          Defendants-Appellees

Appeals from the United States District Court
for the Southern District of Mississippi
USDC No. 3:12-CV-660

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

    Proceeding pro se and in forma pauperis, Melvin Grayer, Mississippi prisoner # 08710, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Grayer alleged that the defendants violated his rights under the Eighth Amendment by failing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to provide timely and adequate medical treatment for an injury he received to his shoulder.

A district court is directed to dismiss a claim by a prisoner or an in forma pauperis litigant if it is frivolous or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915A(b)(1) & 1915(e)(2)(B). A district court's dismissal of a complaint as frivolous is reviewed for an abuse of discretion. *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013).

Prison officials violate the Eighth Amendment's prohibition against cruel and unusual punishment when they demonstrate deliberate indifference to a prisoner's serious medical needs, constituting an "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976) (internal quotations and citation omitted).

Grayer has failed to show that any of the defendants engaged in conduct "that would clearly evince a wanton disregard for any serious medical needs." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (internal quotation marks and citation omitted). Although there was a six-month delay between Grayer's transfer to the East Mississippi Correctional Facility (EMCF) and his first appointment with a doctor at EMCF, Grayer received medical treatment with the nursing staff and diagnostic testing at EMCF during those six months. He has not shown that any of the defendants disregarded an excessive risk to his health or safety, *see Farmer v. Brennan*, 511 U.S. 825, 837 (1994), or that any delay in arranging the appointment rose to the level of deliberate indifference that resulted in substantial harm, *see Rogers*, 709 F.3d at 410.

He also cannot show that any delay in seeing an orthopedic specialist constituted deliberate indifference, as the question whether "additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment." *See Estelle*, 429 U.S. at 107. After Grayer

was evaluated by a doctor, he received conservative treatment, including physical therapy, and was referred to an orthopedic specialist who continued conservative treatment. Grayer's disagreement with the course of treatment is insufficient to show deliberate indifference to his medical needs. *See Gobert*, 463 F.3d at 346. This is true even if the conservative treatment did not ultimately relieve his symptoms. *See id.*

Accordingly, the district court did not abuse its discretion in dismissing Grayer's § 1983 complaint. Because this case does not present the type of exceptional circumstances that warrant the appointment of counsel, the district court also did not abuse its discretion in denying Grayer's motion for the appointment of counsel. *See Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987); *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).

The district court's dismissal of Grayer's complaint counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). Grayer is WARNED that if he accumulates three strikes pursuant to § 1915(g), he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.